UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTHONY TUCKER, | ) | CASE NO. 1:07 CV 1035 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| RICHARD GANSHIMER, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On April 9, 2007, pro se plaintiff Anthony Tucker filed this action under 42 U.S.C. §1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 against Lake Erie Correctional Institution Warden Richard Ganshimer, First Correctional Medical, Dr. Sitta Gombeh-Alie, and Nurse Donna Teare. In the complaint, plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs. He seeks monetary damages.

**Background**

Mr. Tucker, an inmate at the Lake Erie Correctional Institution, claims he has a medical condition know as "hammer toes." He states he requested to see a podiatrist on January 5, 2003. He indicates Dr. Alie ordered a pair of tennis shoes for him and asked the quartermaster to order a pair of "sky boots" in a size 14. (Compl. at 3.) His request to see a podiatrist was denied.

Mr. Tucker indicates that Nurse Teare summoned him to the medical department to pick up his tennis shoes on January 25, 2003. He claims he tried them on and informed Nurse Teare that the shoes were too small and hurt his feet. He states he was told they were new and just had to be worn a bit to break them in. He was told to sign a sheet acknowledging acceptance of the shoes. Mr. Tucker contends he wore them for a few days and concluded that they were still too small. When he tried to return them, Nurse Teare allegedly informed him that once he signed for the shoes, he would have to wait two years to obtain another pair.

Shortly thereafter, Mr. Tucker was informed by the quartermaster that his boots had arrived. A week after Mr. Tucker accepted delivery of the boots, he attempted to return them to the quartermaster claiming they were too small. The quartermaster also told him that he would not order another pair of boots.

Mr. Tucker alleges that he complained to prison staff for the next six months without obtaining relief. He states he spoke to Deputy Warden Bobbitt on four occasions and was told she would make inquiries and get back to Mr. Tucker. He indicates that after eighteen months, he spoke to Nurse Teare about obtaining new tennis shoes. She allegedly told him he was required to wait two full years before he could make the request to the physician.

In January 2005, Mr. Tucker made an appointment with the physician in an attempt to obtain new shoes. He claims the doctor approved his request but it was overruled by First Correctional Medical. He states Nurse Teare advised him to obtain a wider shoe from the quartermaster. He contends that the quartermaster did not have a wider shoe. He claims he filed grievances which finally prompted First Correctional Medical to approve an appointment with a podiatrist. He contends that the podiatrist called Nurse Teare into the room and informed her that

Mr. Tucker required reconstructive surgery. Mr. Tucker indicates that Nurse Teare said she would put down that he needed tennis shoes as a first option. He was also issued a bottom bunk restriction. He claims he finally received a pair of properly sized medical shoes on September 6, 2005. He contends he receives pain medication but is no longer permitted to see the podiatrist. Mr. Tucker claims that the defendants have been deliberately indifferent to his serious medical needs and have failed to accommodate his disability in violation of the ADA.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

### 42 U.S.C. § 1983

Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

reasonably associate Lake Erie Correctional Institution Warden Richard Ganshimer to any of the claims set forth by plaintiff under § 1983.

It appears that Mr. Ganshimer has been named as a defendant in this action simply because, as the Warden, he is the supervisor of all personnel at the prison. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Therefore, liability must lie upon more than a mere right to control employees and cannot rely on simple negligence. Id. In order for liability to attach to Mr. Ganshimer, Mr. Tucker must prove that he did more than play a passive role in the alleged violations or show mere tacit approval of the goings on. Id. He must show that the Warden somehow encouraged or condoned the actions of his subordinates. Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995). There are no allegations in the complaint reasonably suggesting that Mr. Ganshimer actively engaged in unconstitutional behavior. The claims against him under § 1983 must be dismissed.

### Americans with Disabilities Act

Under the ADA, "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. Mr. Tucker, however, may not bring a claim under Title II of the ADA against a person in his or her individual capacity. Title II protects certain disabled individuals against discrimination by a "public entity." 42 U.S.C. § 12132. A "public entity" is defined by statute as "any State or local

government." 42 U.S.C. §12131(1)(A). There is no personal liability under Title II of the ADA. Crumbaker v. McLean County Kentucky, No. 02-5110, 2002 WL 1359364 at *2 (6th Cir. June 20, 2002)(citing Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000)); Moore v. Chavez, Nos. 01-1553, 01-2308, 2002 WL 467939 at *2 (6th Cir. Mar. 26, 2002). Mr.Tucker's claims under Title II against the defendants in their individual capacities require dismissal.

Title II of the ADA does not prohibit suits against the defendants in their official capacities. An official capacity damages action against a state officer is the equivalent of a damages liability litigation targeted against the State. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). Warden Ganshimer, First Correctional Medical, Dr. Sitta Gombeh-Alie, and Nurse Donna Teare are all employed by the Ohio Department of Rehabilitation and Correction ("ODRC"). Consequently, Mr.Tucker's claims against them in their official capacities are all asserted against the ODRC. Id.; Von Herbert v. City of St. Clair Shores, No. 02-1063, 2003 WL 1194304 at *6 (6th Cir. March 11, 2003). There is no need to proceed with the ADA claims against all of the them. Consequently, this action shall proceed solely against Warden Richard Ganshimer in his official capacity. The ADA claims against the other defendants in their official capacities are dismissed as redundant.

## Conclusion

Accordingly, Mr. Tucker's claims under 42 U.S.C. §1983 against Warden Richard Ganshimer, his claims under the Americans with Disabilities Act against the defendants in their individual capacities, and his claims under the Americans with Disabilities Act against Dr. Sitta Gombeh-Alie, First Correctional Medical and Nurse Donna Teare in their official capacities are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3),

that an appeal from this decision could not be taken in good faith. This action shall proceed solely on Mr. Tucker's § 1983 claims against Dr. Sitta Gombeh-Alie, First Correctional Medical and Nurse Donna Teare and on Mr. Tucker's claim under the Americans with Disabilities Act against Richard Ganshimer in his official capacity. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

       IT IS SO ORDERED.

                                       S/Peter C. Economus - 7/25/07
                                       PETER C. ECONOMUS
                                       UNITED STATES DISTRICT JUDGE