# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY TUCKER,** | ) | **CASE NO. 1:07CV1035** |
| | ) | |
| Plaintiff, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **RICHARD GANSHIMER, et. al.,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

This matter is before the Court upon Plaintiff Anthony Tucker's ("Tucker") Complaint against Defendants Richard Ganshimer, First Correctional Medical, Inc., Dr. Sitta Gombeh-Alie, and Nurse Donna Teare (collectively "Defendants"). (Dkt. # 1.)

On July 25, 2007, this case was referred to Magistrate Judge James S. Gallas for general pre-trial supervision, including all Motions, pursuant to 28 U.S.C. § 636 and LR 72.1. (Dkt. # 5.) On July 29, 2008, The Magistrate Judge issued a Report and Recommendation (Dkt. # 62), recommending (1) that Tucker's Motion for Summary Judgment be denied (Dkt. # 46), (2) that Defendants' competing Motions for Summary Judgment be granted (Dkt. # 47, 49), (3) that the case be dismissed with judgment entered for Defendants, and (4) that Tucker's Motion for a Preliminary Injunction be denied (Dkt. # 40).

Tucker has timely filed objections to the Magistrate's Report and Recommendation. (Dkt. # 67.) Tucker argues that the Magistrate Judge erred (1) by failing to construe his pro se Motion (Dkt. # 46) liberally, (2) by failing to apply the

1

appropriate standard of review in granting Defendants' Motions for Summary Judgment, and (3) by improperly weighing the evidence instead of merely determining—pursuant to Federal Rule of Civil Procedure 56—whether there is a genuine issue of material fact. (Dkt. # 67.) For the following reasons, Tucker's objections are overruled.

First, Tucker argues that the Magistrate Judge failed to construe his Motion (Dkt. # 46) liberally. The Court notes that "a *pro se* litigant is entitled to a liberal construction of his pleadings and filings." Prince v. Ryder, Nos. 07-2031/07-2050, 2008 U.S. App. LEXIS 7562, at *4 (6th Cir. Mar. 5, 2008); see also Bey v. Evans, Nos. 90-1842/90-1844, 1991 U.S. LEXIS 22132, at *3 (6th Cir. Sept. 12, 1991) ("Courts must use a liberal standard of review and view the claim indulgently in reviewing the claims of pro se plaintiffs."). However, in the Sixth Circuit, "[t]his less stringent standard . . . does not mean that pro se plaintiffs are entitled to take every case to trial." Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999); See also Prince, 2008 U.S. App. LEXIS 7562, at *4 ("Although a *pro se* litigant is entitled to a liberal construction of his pleading and filings, this Court's standard of review requires more than the bare assertion of legal conclusions.").

Tucker points to a particular paragraph in the Report and Recommendation (Dkt. # 62) as evidence of the Magistrate Judge's failure to liberally construe his pro se Motion (Dkt. # 46):

> In this case there is a medical record consisting of Tucker's charts[,] orders of consultative examinations and physicians' reports, and a prison record consisting of Tucker's grievances and requests ["kites"] and the responses from prison officials. Tucker does not challenge the veracity

> or accuracy of these records, and in fact relies on them to support his motion for summary judgment. However, statements in his "uncontested facts" in several instances do not align with this record. In a situation such as this, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."

(Dkt. # 62 at 3.) The Court does not agree that this passage demonstrates the Magistrate Judge's failure to liberally construe tucker's Motion. On the contrary, Magistrate Judge Gallas merely pointed out that Tucker's account of the "uncontested facts" does not comport with the record. And, as a result, the Magistrate Judge correctly refused to consider the inconsistent facts in determining whether there is a genuine issue of material fact. To rule otherwise would not be liberal construction; rather, it would effectively countenance pro se perjury (or mistake) and transform fiction into fact. Moreover, the Court has reviewed the remainder of the Magistrate Judge's Report and Recommendation (Dkt. # 62) and finds no evidence of a failure to liberally construe Tucker's Motion. Thus, Tucker's first objection is overruled.

Second, Tucker argues that the Magistrate Judge erred by failing to apply the appropriate standard of review in granting Defendants' Motions for Summary Judgment (Dkt. # 47, 49). Specifically, Tucker alleges that Magistrate Judge Gallas improperly weighed the evidence instead of merely determining—pursuant to Federal Rule of Civil Procedure 56—whether there is a genuine issue of material fact.

In his Report and Recommendation (Dkt. # 62), the Magistrate Judge comprehensively stated the appropriate standard of review to be applied when ruling on a

motion for summary judgment.  At the end of that discussion, Magistrate Judge Gallas stated, "In the final analysis, 'the threshold inquiry . . . [is] whether there is a need for trial—whether in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'"  (Dkt. # 62.)  The Magistrate Judge found that there is no need for trial because (1) there are no genuine issues of material fact and (2) Defendants' are entitled to judgment as a matter of law.  The Court has reviewed Magistrate Judge Gallas' analysis and finds that it is well-founded.  Thus, Tucker's second and third objections are overruled.

The Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*, and finds that it is well-supported.  Therefore, the Court hereby **ORDERS** (1) that Magistrate Judge Gallas' Report and Recommendation is **ADOPTED** (Dkt. # 62), (2) that Tucker's Motion for Summary Judgment is **DENIED** (Dkt. # 46), (3) that Defendants' competing Motions for Summary Judgment are **GRANTED** (Dkt. # 47, 49), (4) that the case is **DISMISSED** with judgment entered for Defendants, and (5) that Tucker's Motion for a Preliminary Injunction is **DENIED** (Dkt. # 40).

**IT IS SO ORDERED**.

<u>/s/ Peter C. Economus – September 29, 2008</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**